## (May 16, 1956)

■ In the Matter of the Probate of the Will of REBECCA BORDEN, Deceased. — Application for a stay. Application denied, without costs, and the temporary stay contained in the order to show cause, dated April 17, 1956, vacated and the matter remitted to the Surrogate's Court of Sullivan County. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.

■ In the Matter of the Claim of LILLIAN H. NORTH, Respondent, against ROBERT B. RICHARDS, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal granted, without costs, by default. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.

■ In the Matter of the Application of LEWIS W. PADDOCK, as St. Lawrence County Clerk.— Application of the County Clerk of St. Lawrence County for an order to destroy, sell or otherwise dispose of, presently and periodically, certain enumerated court papers now on file, pursuant to section 89 of the Judiciary Law. Application granted. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.

■ In the Matter of ALFRED SCHUPPE, Appellant. JAMES A. KIRWIN, as Commissioner of Police of the City of Albany, Respondent.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ. [See 1 A D 2d 912.]

■ CLEMENT PARIS, Respondent, v. JACOB POTICHA et al., Appellants.— Motion for reargument denied, without costs. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson. [See 1 A D 2d 277.]

■ In the Matter of the Claim of SARAH GOLDIN, Respondent, against MAX SCHNECK & BROS., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The board has excused the failure of claimant to give prompt notice of injury on the ground the employer was not prejudiced. We are not able to find substantial evidence in the record before us to sustain this finding. The accident is found to have occurred October 18, 1950, when claimant, a bookkeeper, injured her back when lifting or moving an adding machine. There is no evidence that the employer knew of this occurrence or of any accident suffered by claimant until September 26, 1951; the claim was filed October 15, 1951. No "sufficient reason" has been shown within section 18 of the Workmen's Compensation Law why notice was not given earlier. The mere naked opinion of the board that the employer had "not been prejudiced", in the language of the section, by the failure to give notice is not sufficient. The employer was prevented for a year from investigating the accident, the occurrence of which is arguable, and from providing prompt medical attention to claimant. The effect of these circumstances on the question of prejudice to the employer by delay should be re-examined. Award reversed, with costs to appellants, and claim remitted to the Workmen's Compensation Board. Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ., concur.